IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SODJINE PAUL ANATO and SARAH ANATO,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT,<br><br>　　　　Defendant. | CV-17-28-GF-BMM-JTJ<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS** |

　　　　Plaintiffs Sodjine Paul Anato and Sarah Anato (collectively "Plaintiffs") filed a petition with the Ninth Circuit seeking review of the order of the National Appeals Division ("NAD") of the United States Department of Agriculture ("USDA"). On March 14, 2017, the Ninth Circuit denied review and transferred Plaintiffs' petition to the United States District Court for the District of Montana. (Doc. 1). The petition requests that this Court review the Director Review Determination of the National Appeals Division "on the motion to Reconsider[sic] to allow the USDA to foreclose on the plaintiffs' home mortgage entered on November 02[,] 2016." (Doc. 2).

　　　　On October 4, 2017, Defendant USDA, Rural Development ("Defendant")

1

moved to dismiss the Petition filed in this case under Fed. R. Civ. P. 12(b)(1), (5), and (6), or in the alternative, to require Plaintiffs to amend pleadings under Rule 12(e) "to cure the vague pleadings with a more definite statement." (Doc. 6). Defendant argues that Plaintiffs have not filed a Complaint, issued a summons, served a summons, or made allegations regarding the basis for subject matter jurisdiction. (Doc. 7 at 2). Defendant argues there is no personal jurisdiction due to insufficient service of process , and also alleges Plaintiffs have failed to state a claim under Rule 8(a) because Plaintiffs' petition fails to assert violations, request relief, or even allege a jurisdictional basis for their suit. (*Id.*)

On January 2, 2018, Plaintiffs filed a Complaint alleging six causes of action against Defendant, alleging federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 15). Notably, however, Plaintiffs have not served a summons on Defendant.

Courts generally construe the pleadings of *pro se* litigants liberally, and hold *pro se* plaintiffs "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); s*ee also Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Nevertheless, *pro se* plaintiffs are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**I.     Summons**

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"A summons–or a copy of a summons that is addressed to multiple defendants–must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). Finally, Fed. R. Civ. P. 4(c) states that a summons "must be served with a copy of the complaint." Furthermore, Fed. R. Civ. P. 4(l) requires that "[U]nless service is waived, proof of service must be made to the court."

While the Court has authority to dismiss a complaint for failure to state a claim or failure to provide proof of service, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Defendants do not object to the Court granting Plaintiffs an opportunity to cure the deficiencies in pleading and to accomplish service of process. (Doc. 7 at 2-3).

While a court is required to liberally construe a *pro se* pleading, a *pro se* plaintiff is still required to abide by the rules for service of process. In order for the Court to have jurisdiction over Defendant, Plaintiffs must serve Defendant with

a summons in accordance with Fed. R. Civ. P 4.  Therefore, the Court hereby ORDERS that on or before May 18, 2018, Plaintiffs shall file with the Court proof of service of summons and complaint on Defendant or show cause why this cause should not be dismissed, without prejudice.

## II.     Request for a more definite statement

Defendant requests that if this Court does not dismiss Plaintiffs' claims, it should require Plaintiffs to file a more definite statement than was made in Plaintiffs' original petition under Rule 12(e).  On January 2, 2018, Plaintiffs filed their Complaint alleging a variety of torts and constitutional torts against the USDA.  (Doc. 15).  The Complaint alleges jurisdiction under 28 U.S.C. § 1331, alleges proper venue, provides a plain statement of the claim showing that Plaintiffs are entitled to relief, and contains a request for relief.  This Complaint suffices as a claim for relief under Fed. R. Civ. P. 8(a), and is a more definite statement.  Therefore, Defendant's request for a more definite statement is moot.

Plaintiffs' action, as stated by Defendant, "appears to be an appeal under the Administrative Procedure Act, 5 U.S.C. § 701 et seq." (Doc. 7 at 3).  Plaintiffs are essentially seeking review of the NAD.  The NAD provides administrative review of certain designated divisions of the USDA, including the Rural Development Administration.  7 U.S.C. § 6991(2)(E).  After a plaintiff exhausts his

administrative remedies, "[t]he final determination of the [NAD] shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5 [The Administrative Procedure Act]." 7 U.S.C. § 6999.

However, Plaintiffs' Complaint raises new issues as to their tort claims against Defendant. The USDA is the only listed defendant in this action. (*See* Docs. 2, 15). Plaintiffs' Complaint makes several new allegations: Count 1 alleges a "Failure to Remedy Wrong," which references 42 U.S.C. § 1983; Count 2 alleges a Fifth Amendment violation; Count 3 alleges "Creation of a Policy"; Count 4 does not exist; Count 5 alleges an Eighth Amendment violation; Count 6 alleges Negligent Infliction of Emotional Distress; Count 7 alleges "Negligence and Civil Right"; and Plaintiff also makes "Collateral Allegations" referring to Defendant's alleged threatening their exercise of their constitutional rights and arbitrary and capricious discrimination against Plaintiffs. (Doc. 15 at 4-11).

The Complaint does not name the United States as a defendant. Under 28 U.S.C. § 2679(a) and (b), the exclusive remedy for any claim under the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 2672, is a claim against the United States for injury or loss of property, or personal injury resulting from the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his or her office or employment.  Therefore, any claims of negligent infliction of emotional distress or "Negligence and Civil Right" must name the United States as a defendant, and not its agencies (e.g. the USDA).

Additionally, Plaintiffs' constitutional claims are also improperly pled because they do not name the proper defendants.  Title 42 U.S.C. § 1983 provides a remedy for a deprivation of constitutional rights by a person acting under color of law of any state or territory, but not for deprivation of rights by federal officials or employees acting under color of federal law.  *See Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1987).  Similarly, Plaintiffs claims under the Fourteenth Amendment are not applicable to federal agencies or the federal government, but instead must be directed to state governments and state actions.

For the foregoing reasons, Plaintiffs' only viable claims at this time are against the USDA under the Administrative Procedure Act.  The Court orders that in order to proceed with their constitutional and tort claims, Plaintiffs must file an amended complaint on or before May 18, 2018, in which they name the appropriate parties as defendants.  If Plaintiffs fail to file an amended complaint, or if the amended complaint does not name the correct parties, their claims may be subject to dismissal.  Additionally, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs must serve any new defendants with summons and amended

complaint within ninety days of the filing of an amended complaint and file proof of such serviced with the Court.

Based on the foregoing, the Court **FINDS**:

1. Plaintiffs' Complaint (Doc. 15) is a more definite statement.

2. Plaintiffs action against the USDA is an appeal under the Administrative Procedure Act.

3. Plaintiffs have not named the proper defendants for their tort claims or constitutional claims.

Therefore, the Court **RECOMMENDS**:

1. Defendant's Motion for a More Definite Statement should be denied as moot.

2. Defendant's Motion to Dismiss should be denied without prejudice.

DATED this 18th day of April, 2018.

John Johnston
United States Magistrate Judge