IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SODJINE PAUL ANATO and SARAH ANATO, | CV-17-28-GF-BMM-JTJ |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, RURAL DEVELOPMENT, | |
| Defendant. | |

## I.  Introduction

On May 23, 2018, Defendants United States Department of Agriculture, Rural Development (USDA) filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1), (5), and (6). (Doc. 25).  Plaintiffs Sodjine Paul Anato and Sarah Anato ("Plaintiffs") did not file a response brief, which was due on or before June 13, 2018.  Based on the reasoning set forth below, the motion should be granted.

## II.  Background

Plaintiffs Sodjine Paul Anato and Sarah Anato (collectively "Plaintiffs") filed a petition with the Ninth Circuit seeking review of the order of the National

Appeals Division ("NAD") of the United States Department of Agriculture ("USDA").  On March 14, 2017, the Ninth Circuit denied review and transferred Plaintiffs' petition to the United States District Court for the District of Montana. (Doc. 1).  The petition requests that this Court review the Director Review Determination of the National Appeals Division "on the motion to Reconsider[sic] to allow the USDA to foreclose on the plaintiffs' home mortgage entered on November 02[,] 2016."  (Doc. 2).

On January 2, 2018, Plaintiffs filed a Complaint alleging six causes of action against Defendant, alleging federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 15).

### III.  Analysis

According to Local Rule 7.1(d)(1)(B), a party is required to file a response to a motion to dismiss "within 21 days after the motion was filed."  A party's failure to file a response brief "may be deemed an admission that the motion is well-taken."  *Id*.  Here, the USDA filed a motion to dismiss on May 23, 2018, and indicated that it unsuccessfully attempted to contact Plaintiffs by phone, and that the phone message system indicated that the memory was full.  (Doc. 25 at 2). Plaintiffs do not list an email address.  To date, Plaintiffs have yet to file a response brief.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). Nevertheless, *pro se* plaintiffs are still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). As such, pursuant to the local rules, the Court may consider Defendants' motion well-taken.

Defendants moved for the Court to dismiss Plaintiffs's action for lack of subject matter jurisdiction. (Doc. 26 at 2). The USDA first argues that it is not the proper party for Plaintiffs' tort claims; the exclusive remedy is against the United State, not against one of its agencies. (*Id*. at 2). Furthermore, it argues that the government has not waived sovereign immunity with respect to Plaintiffs' § 1983 claims, and that such claims are to be made against "persons acting under the color of law," making the USDA an improper party. (*Id*. at 4). Furthermore, it argues that all constitutional claims against it are barred by res judicata in that they have been adjudicated and dismissed by the District Court, which was upheld by the Ninth Circuit. (*Id*. at 5-6 (*see Sodjine and Sarah Anato v. Lad Barney, et al.*, CV 12-103-GF-SEH-RKS)).

The Plaintiffs have not filed a response within the required time and have

not filed a motion seeking additional time in which to file a response.  As such,

there is no good reason for the Court to refrain on ruling on the USDA's motion.

Based on the unopposed motion to dismiss, the Court finds that the USDA's

arguments are meritorious and warrant dismissal of Plaintiffs' claims. The USDA

argues that the Court should dismiss with prejudice Plaintiffs' claims under § 1983

and the constitutional claims which have already been adjudicated, but it does not

object to Plaintiffs being allowed to re-file their claim to name the United States as

a proper party under the Federal Tort Claims Act.

Therefore, the Court recommends that the USDA's motion be granted, and

Plaintiffs' Complaint (Doc. 15) be dismissed without prejudice.

## IV.   Conclusion

Based on the foregoing, the Court **FINDS**:

1.    Plaintiffs did not file a brief in response to Defendants' motion to
      dismiss (Doc. 25), and as such, Defendants' motion is well-taken.

2.    The Court does not have subject matter jurisdiction to adjudicate this
      action.

Therefore, the Court **RECOMMENDS**:

1.    Defendants' Motion to Dismiss (Doc. 25) should be granted.

//

//

4

2.      Plaintiffs' claim should be dismissed without prejudice.

DATED this <u>2nd</u> day of August, 2018.

John Johnston
United States Magistrate Judge